IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KASPAR LAMAR DOBBS**,

      Petitioner,

v.                               **Civil Action No.: 5:23-CV-268**
                                        Judge Bailey

**WARDEN LOVETTE**,

      Respondent.

## REPORT AND RECOMMENDATION

### I.     Introduction

Petitioner, an inmate at USP Hazelton, in Bruceton Mills, West Virginia filed this action on August 1, 2023, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. The matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II.     Background

Petitioner herein is challenging an Incident Report, the resulting disciplinary proceedings, and the sanction imposed by officials at USP Hazelton. On August 14, 2023, he filed his Application to Proceed Without Prepayment of Fees and Costs [Doc. 5], which the undersigned denied by Order dated August 17, 2023, giving the Petitioner 21 days from the date of service of the Order to pay the filing fee, or the case would be dismissed without prejudice. [Doc. 7]. Petitioner thereafter filed a Motion stating that his filing fee had already been mailed to the Clerk's office, and that it had been debited to his

prison trust account on June 27, 2023, but that it had "probably" been sent to the Martinsburg clerk's office instead of to Wheeling. [Doc. 10].  On October 2, 2023, petitioner asked the Court to stay proceedings herein until he could "resolve" the issue regarding payment of the filing fee [Doc. 11].

Petitioner is advised that a filing fee designated for a case on the Wheeling docket of this Court, but received in the Martinsburg Office of the Clerk, would, as a matter of course, be docketed as received and filed in the Wheeling case on the districtwide CM/ECF filing system. By letter dated October 2, 2023, from the Clerk's Office in Wheeling, the petitioner was notified that to date, no filing fee had been received for the instant action. [Doc. 12].

Nonetheless, further docket review discloses that on March 8, 2023, petitioner filed Civil Action No 3:23-cv-64, which was assigned to the Martinsburg docket, and in which he sought habeas corpus relief pursuant to § 2241. [ Civ. A. No.  3:23-cv-64, Doc. 1]. That case was dismissed by Order dated May 11, 2023, based on petitioner's failure to pay either the filing fee or an application to proceed without prepayment of fees. [Civ. A. No.  3:23-cv-64, Doc. 7].  Two months later, on July 11, 2023, the clerk's office received a $5.00 filing fee from the petitioner [Civ. A. No.  3:23-cv-64, Doc. 9], and a subsequent letter from him, dated July 14, 2023, in which he appears to be inquiring about the fee and indicating it was intended for a new § 2241 petition, which he stated was "ready" for filing. [Civ. A. No.  3:23-cv-64, Doc. 10].  The fee was docketed in Civil Action 3:23-cv-64, as, at the time, it was the only habeas case of record in this Court filed by this petitioner. [Civ. A. No.  3:23-cv-64, Doc.9].  Two weeks later, the instant action was docketed on

August 1, 2023. [Doc. 1]. Based on the foregoing, in the interest of judicial expediency, the undersigned waives the filing fee in the instant action.

### III.   The Petition

Petitioner maintains that his rights have been violated by the filing of a false Incident Report and the ensuing disciplinary proceedings and imposed sanction. He has attached a copy of the Incident Report, which reflects the charges and the UDC (Inmate Disciplinary Committee) decision, along with copies of additional documentation and correspondence relative to the incident, as exhibits in support of his petition. [Doc. 1-2]. This documentation reveals that on October 22, 2023, staff member J. Facemire issued Incident Report # 3688436, charging petitioner with possessing an unauthorized item, in violation of Prohibited Act Code 305. [Doc. 1- 2 at 1]. More specifically, the Report charges that:

> On Friday, October 21, 2022, at approximately 9:00am while conducting rounds in the Education office, I observed inmate DOBBS, KASPER, #09235-029 holding a stack of papers. Upon closer inspection, the stack of papers was observed by staff as being pornographic pictures. Specifically, the stack of papers had pornographic pictures of vaginas, penises, and both females and males engaged in sexual acts/intercourse. Immediately, staff confiscated the unauthoried items and informed inmate Dobbs that he would be receiving an incident report. Additionally the stack of pornography had a photocopied envelope addressed to inmate Dobbs and everything was concealed in a legal mail folder.

[Doc. 1-2 at 1]. Petitioner claims that the Incident Report does not reflect what really happened. He asserts that he is not the individual from whom Ms. Facemire took the materials and contends that staff member Facemire "knowingly" took the subject material from "someone else," but that she was holding "a grudge" stemming from an incident that occurred approximately a year earlier where he refused to perform a job detail "that wasn't

3

mine to perform." [Doc. 1-1 at 1]. Petitioner claims that his version of the event can be verified by viewing the video surveillance tape, but that BOP officials have refused to view the tape.

The Incident Report was referred by Lt R. Irick to the UDC for further disposition [Doc. 1-2 at 3]. The petitioner also claims, in this regard, that Lt. Irick likewise falsified his investigative report "to cover for his co-worker Ms. Facemire" and alleges that viewing surveillance footage from the "vicinity" of the Lt's office on the day in question would prove he was never there, and thus could not have made the statements or representations attributed to him in Lt. Irik's report. [Doc. 1-1 at-1; 1-2 at 3].

Petitioner was found guilty of the offense following the UDC hearing on October 25, 2023, and a sanction of "10 days loss of mattress time" was imposed. [Doc. 1-2 at 4]. Petitioner contends that his rights have been violated by the BOP's refusal to view and consider the video surveillance. He seeks relief in the form of an expungement of Incident Report 33688436; a finding that BOP officials are "responsible for concealing evidence" and holding Ms. Facemire "accountable for falsifying an Incident Report with Malice, knowing information to be false;" and compensation for "all the stamps and envelopes [he] had to use to attempt to prove his actual innocence; and holding [Doc. 1 at 3].

## IV.   Standard of Review

**A.   Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

4

Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990).  As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

**V.  Analysis**

In reviewing an inmate's petition for habeas relief under § 2241, a Court must consider whether the petitioner's custody "violates the Constitution, laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); **Rose v. Hodges**, 423 U.S. 19, 21 (1975).  A § 2241 petition is the appropriate method for a prisoner to challenge the fact, or length, of his confinement, but is generally not appropriate for challenges to the conditions of that confinement. See **Preiser v**. **Rodriguez**, 411 U.S. 475, 498-500 (1973).  Thus, as this Court has held: "[H]abeas petitions are only appropriate where success in [the habeas] action would necessarily demonstrate the invalidity of the confinement or its duration." **Pinkney v. U.S. Dept of Justice**, 2009 WL 277551 (Feb. 9, 2009) at *2, *citing* **Wilkinson v. Dotson**, 544 U.S. 74 (2005).  While a prisoner may seek "immediate release or a

5

speedier release from" confinement through a habeas action, a § 2241 claim is properly raised only when a petitioner asserts the implication of a liberty interest. *Mitchell v. Entzel,* No. 1:19-cv-10, 2020 WL 523264, at *8 (N.D. W.Va. Jan. 9, 2020), *Report and Recommendation adopted* 2020 WL 522143 (N.D. W.Va. Jan. 31, 2020), *citing* *Preiser*, 411 U.S. at 498. In cases of disciplinary proceedings, when a petitioner challenges a sanction that results in the loss of good time credits, this type of action "at its core seeks to shorten the length of his confinement" and accordingly invokes a liberty interest and properly sounds in habeas. *Royster v. Polk*, 299 Fed. Appx 250 (2008) *quoting* *Preiser* at 489.  In cases where no liberty interest is implicated, relief is not available under § 2241.

Prison disciplinary proceedings are not criminal prosecutions, and the law is well established that prisoners therefore do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in ... [criminal] proceedings." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Only in cases where a disciplinary sanction impacts the duration of an inmate's sentence is a protected liberty interest in the inmate's release from confinement implicated, thereby triggering the minimal due process guarantees enumerated by the Supreme Court in *Wolff*.  Significant, for purposes of the instant case, is the fact that the Supreme Court has not extended such procedural due process requirements to a disciplinary hearing where only the loss of minor privileges is at stake. See *Wolff* at n. 19.  Sanctions that do not implicate a liberty interest because they do not impact the duration of confinement are therefore not properly raised in a § 2241 petition.

Here, the petitioner has neither shown, nor has he alleged, that the imposed sanction affected the length of his confinement. He has not alleged that he lost good time,

6

nor does he ask for release from confinement. There is neither an allegation, nor an indication, of any loss of good time credit. In this case, the petitioner challenges only the validity of his disciplinary conviction. Petitioner has no protected liberty interest in a temporary loss of mattress privileges. Because "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," use of a temporary withholding of privileges as "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472, 486 (1995).  The factual allegations contained in his Petition do not raise an issue that affects the duration of petitioner's confinement. As such, they do not state a claim for relief under § 2241.   *See Thompson v. Entzel,* No. 5:19-cv-11, 2019 WL 4794742, at *6 (N.D. W.Va. Sept. 6, 2019), *Report and Recommendation adopted* 2019 WL 4781873 (N.D. W.Va. Sept. 30, 2019), *aff'd*, 801 F. App'x 139 (4th Cir. 2020).

The undersigned finds that petitioner's claims are not cognizable under § 2241 because he cannot demonstrate the implication of a liberty interest, and that this Court is accordingly without jurisdiction to consider his Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI.   Recommendation

For the foregoing reasons, the undersigned recommends that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED with prejudice.** It is further recommended that the petitioner's motion to amend his petition by adding named staff members from USP

7

Hazelton as additional Respondents, and to add a fifth request for relief to his original claim [**Doc. 10**], and his Motion Requesting a Stay herein [**Doc. 11**] be denied as moot in consideration of the foregoing, and further that the filing fee herein be waived.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: October 19, 2023

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

!

!

!

!

!