IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KASPAR LAMAR DOBBS,**

        Petitioner,

v.                                              **Civil Action No. 5:23-CV-268**
                                                            Judge Bailey

**WARDEN LOVETTE,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter came on for review of the report and recommendation ("R&R") [Doc. 15] entered by United States Magistrate Judge James P. Mazzone on October 19, 2023. Therein, the magistrate judge recommended that the petition [Doc. 1] be denied and dismissed with prejudice. Based on this conclusion, the magistrate judge also recommended that petitioner's pending Motion to Amend [Doc. 10] and Motion Requesting a Stay [Doc. 11] be denied as moot. For the reasons contained herein, this Court will adopt the R&R in its entirety.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 17] on October 30, 2023.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

2

A party waives any objection to an R&R that lacks adequate specificity. *See **Mario v. P & C Food Markets, Inc.**,* 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id*.; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Here, petitioner's objections are general, conclusory statements that merely reassert previously raised arguments already considered by the magistrate judge in preparation of the R&R.  In an attempt to construe the objections in the light most favorable to petitioner, this Court has conducted a *de novo* review of those portions of the R&R to which petitioner appears to be referencing.  The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

This case stems from petitioner's allegation that disciplinary proceedings resulting in a mattress restriction sanction violated his right to due process.  In his R&R, the magistrate judge properly concluded that petitioner's asserted complaints with the underlying prison disciplinary procedure resulting in the aforementioned sanction were without merit because petitioner failed to demonstrate the implication of a liberty interest. [Doc. 15 at 7].  Based on this finding, the magistrate judge properly concluded that this Court would be without jurisdiction to consider petitioner's claims because the same are not cognizable under § 2241. [Id.].

In his objections, petitioner contends that the disciplinary proceeding violated his rights to due process. This contention is patently wrong. As identified by the magistrate judge, petitioner has neither shown, nor has he alleged, that the imposed sanction–a ten (10) day loss of mattress privileges–affected the length of his confinement. Because "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," use of a temporary withholding of privileges as "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." ***Sandin v. Conner***, 515 U.S. 472, 486 (1995). And again, the factual allegations contained in the petition do not raise an issue that affects the duration of petitioner's confinement. Accordingly, they do not state a claim for relief under § 2241. Petitioner's objections are, therefore, overruled in their entirety as they are baseless in law.

## **CONCLUSION**

The R&R [**Doc. 15**] is **AFFIRMED AND ADOPTED**. Petitioner's petition [**Doc. 1**] is **DENIED AND DISMISSED WITH PREJUDICE**. Petitioner's Motion to Amend [**Doc. 10**] and Motion Requesting a Stay [**Doc. 11**] are **DENIED AS MOOT**. The Clerk is instructed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit a copy of this Order to all counsel of record, and to mail a copy to petitioner via certified mail, return receipt requested.

**DATED:** October 31, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**